GOTHARD, Judge
concurring.
It is with heavy heart and great reluctance that I concur with the opinion in this case. I feel this is an instance in which the intent of the law has been circumvented.
The only testimony offered was by Noah Hebert, Michael’s father, who testified that he loaned his son money as a personal loan having nothing to do with the corporation.
Only the corporation was named in the proceedings. Noah Hebert testified that he reduced the amount due on the personal loan for Michael’s appearance on the commercials. Therefore, Michael did, indeed, receive “remuneration”, but of a type, apparently, not subject to garnishment. Noah further testified that no credits were ever held by the corporation on Michael’s behalf. No evidence was presented by the plaintiff to refute this testimony.
I find it difficult to believe that Mr. Hebert lives on air and an occasional meal at his father’s house while his father and wife operate a furniture store in his name, and while he appears in television commercials promoting this store.